UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NORMAN CRONEY,

                                        Plaintiff,

v.                                                              6:23-cv-1438
                                                                (TJM/TWD)

LUIS DEJOY,

                                        Defendant.

_____

APPEARANCES:                              OF COUNSEL:

NORMAN CRONEY
*Plaintiff, pro se*
16-A-0510
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION AND ORDER</u>

## I.      INTRODUCTION

        The Clerk has sent to the Court for review a complaint submitted by *pro se* plaintiff

Norman Croney ("Plaintiff") alleging United States Postal Service ("U.S.P.S.") Postmaster

General Luis DeJoy violated his civil rights.  Dkt. No. 1.[1]  Plaintiff, who is currently in the

custody of New York State Department of Corrections and Community Supervision ("DOCCS")

at Marcy Correctional Facility in Marcy, New York, has not paid the filing fee for this action and

seeks leave to proceed *in forma pauperis* ("IFP").  Dkt. No. 5, Motion for Leave to Proceed IFP;

Dkt. No. 6, Inmate Authorization Form.

_____

[1] Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the
Court's electronic filing system.

II.     **IFP APPLICATION**

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.* (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, Plaintiff's IFP application demonstrates economic need. Dkt. No. 5. Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the inmate authorization form required in this District, he is granted permission to proceed IFP.[2]

III.    **BACKGROUND**

Plaintiff initiated this action against Postmaster Dejoy on November 16, 2023. Dkt. No. 1. Plaintiff claims, while he was incarcerated at Five Points Correctional Facility, he sent a letter to the Federal Bureau of Investigations ("F.B.I.") via certified mail.[3] *Id*. at 3. Plaintiff did not receive a completed return receipt from the F.B.I. acknowledging his letter; therefore, he "wrote the F.B.I. Dozens of times regular mail" to ensure his letter had been received, yet he did not get a response. *Id*.

---

[2] Although his IFP application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[3] Plaintiff states the letter "Contained Numerous Constitutional violations done to me by Correction officers as well as Proffessional Misconduct performed by the office of special investigation." Dkt. No. 1 at 3. Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

On September 1, 2023, while incarcerated at Marcy Correctional Facility, Plaintiff sent another letter to the F.B.I. via certified mail.[4] Dkt. No. 1 at 3. As of the time of filing, Plaintiff had not received a certified mail return receipt for either of his letters. *Id*. at 4.

Plaintiff alleges "The record is devoid of any proof that the (U.S.P.S.) . . . did not tamper with my mail going to the F.B.I. . . .The record is devoid of proof that the postmaster (Luis DeJoy) Did not direct, HIS employees to engage in fraudulent actions." *Id*. at 3-4. His first claim is a First Amendment violation and his second is a Fourth Amendment violation, and he seeks compensation for his emotional and physical damage in the amount of $500,000. *Id*. at 4, 7.

## IV.   STANDARD OF REVIEW

The Court shall dismiss a complaint in a civil action if the Court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted).

---

[4] Plaintiff's second letter sent by certified mail concerned "the first certified mail receipt I sent on November 3rd 2022 and . . . several more violations of proffessional misconduct not only done by Correction Officers but (o.s.i.) office of special investigation as well . . . ." Dkt. No. 1 at 3.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation."  *Id.*  It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Moreover, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## V.    DISCUSSION

"Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq*., the Postal Service is an independent establishment of the executive branch of the Government of the United States . . . . Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver."  *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006) (citing 39 U.S.C. § 201) (internal quotations and additional citations omitted).  While the aforementioned act generally "waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name," *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 741 (2004) (citing 39 U.S.C. § 401) (internal quotations omitted), it further provides that the Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out of activities of the Postal Service . . . ."  *Dolan*, 546 U.S. at 484 (citing 39 U.S.C. § 409(c)).  As relevant here, the FTCA preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b); *see also*, *e.g.*, *Bullis v. Ollinger*, No. 6:20-CV-0913 (GLS/ATB), 2021 WL 230106, at *3 (N.D.N.Y. Jan. 22, 2021) (citing *Aliev v. United States Postal Serv.*, No. 1:19-CV-1156, 2020 WL 1956301, at *2-3 (W.D.N.Y. Apr. 23, 2020) (dismissing the plaintiff's complaint "for the loss or failed delivery of a package"

explaining the claim "falls squarely within the 'postal matter exception' to the waiver of sovereign immunity.")).

Here, Plaintiff's complaint alleges the U.S.P.S. either failed to deliver his letter and accompanying certified mail return receipt to the recipient or failed to return the completed receipt to Plaintiff.  In other words, his claims necessarily arise out of the loss, miscarriage, or negligent transmission of letters and fall squarely within the postal matter exception to the waiver of sovereign immunity.  Therefore, to the extent Plaintiff seeks to hold DeJoy liable in his official capacity as the U.S.P.S. Postmaster General, his claims are barred by the doctrine of sovereign immunity.  *Djordjevic v. Postmaster Gen., U.S. Postal Serv.*, 911 F. Supp. 72, 75 (E.D.N.Y. 1995) (explaining, to the extent the plaintiff's claim against the U.S.P.S. and Postmaster General "sounds in tort . . . it is barred by the doctrine of sovereign immunity as brought against the United States.").

Accordingly, the Court recommends Plaintiff's official capacity claims against DeJoy be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).  *See Pena v. U.S. Postal Serv.*, No. 1:23-CV-10123, 2024 WL 81837, at *1-2 (S.D.N.Y. Jan. 8, 2024) (explaining the FTCA's waiver of sovereign immunity does not apply to claims arising out of the loss, miscarriage, or negligent transmission of letters or postal matter and dismissing the plaintiff's claims for lack of subject matter jurisdiction and seeking monetary relief from a defendant immune from such relief) (citing 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3)) (additional citation omitted).

Alternatively, to the extent Plaintiff seeks to hold DeJoy liable in his individual capacity, his complaint remains deficient.  As an initial matter, while Plaintiff's First and Fourth Amendment claims are purportedly brought pursuant to 42 U.S.C. § 1983, "[i]t is well-settled that a § 1983 claim does not lie against the federal government, its agencies, or employees."

*Feldman v. Lyons*, 852 F. Supp. 2d 274, 278 (N.D.N.Y. 2012) ("The federal government does not act under color of state law.") (citations omitted).  In *Bivens* the Supreme Court "recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights."  *Id*. (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)); *see also Iqbal*, 556 U.S. at 675-76 ("In the limited settings where *Bivens* does apply, the implied cause of action is the federal analog to suits brought against state officials under . . . § 1983.") (internal quotations and citations omitted).

Even assuming *arguendo* Plaintiff has an implied cause of action under *Bivens* for his First and Fourth Amendment claims, he fails to state a claim upon which relief may be granted. As the Supreme Court has explained, "where the well-pleaded facts do not permit the court to infer *more than the mere possibility of misconduct*, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal quotations omitted, emphasis added) (citing Fed. Rule Civ. Proc. 8(a)(2)).  Here, Plaintiff's contention– that fraud *may have occurred* –is based solely on his speculation that DeJoy directed his employees to engage in fraudulent conduct.  As it currently stands, Plaintiff's complaint permits the Court to infer no more than the mere possibility of DeJoy's misconduct; therefore, he has failed to demonstrate he is entitled to relief as required by Rule 8(a)(2).  *See id*. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (citing *Twombly*, 550 U.S. at 557) (additional quotations omitted).

Because the complaint fails to state a claim against DeJoy in his individual capacity upon which relief may be granted, dismissal is required under § 1915A(b)(1).  However, in deference

to Plaintiff's *pro se* status, the Court recommends the action be dismissed with leave to amend to cure the defects as stated above.

## VI.    CONCLUSION

**WHEREFOR**, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**, and it is

**RECOMMENDED** that Plaintiff's First and Fourth Amendment claims, insofar as Plaintiff seeks to hold DeJoy liable in his individual capacity, be **DISMISSED WITH LEAVE TO AMEND**; and it is further

**RECOMMENDED** that Plaintiff's claims against DeJoy in his official capacity be **DISMISSED**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)

---

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: January 30, 2024
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

2010 WL 5185047
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

David J. CASH, Plaintiff,

v.

BERNSTEIN, MD, Defendant.

No. 09 Civ.1922(BSJ)(HBP).
|
Oct. 26, 2010.

*REPORT AND RECOMMENDATION* [1]

[1]    At the time the action was originally filed,
the Honorable Leonard B. Sand, United States
District Judge, granted plaintiff's application for *in
forma pauperis* status based on plaintiff's *ex parte*
submission (Docket Item 1). Although the present
application seeking to revoke plaintiff's *in forma
pauperis* status is non-dispositive, I address it by
way of a report and recommendation to eliminate
any appearance of a conflict between the decision
of a district judge and that of a magistrate judge.

PITMAN, United States Magistrate Judge.

*1    TO THE HONORABLE BARBARA S. JONES, United
States District Judge,

I. *Introduction*
By notice of motion dated March 4, 2010 (Docket Item 11),
defendant moves pursuant to 28 U.S.C. § 1915(g) to revoke
plaintiff's *in forma pauperis* ("IFP") status on the ground that
plaintiff has previously had at least three Section 1983 actions
dismissed as frivolous, malicious or failing to state a claim
upon which relief could be granted, and has not shown that he
is in imminent danger of serious physical injury. Defendant
further seeks an order directing that the action be dismissed
unless plaintiff pays the full filing fee within thirty (30) days.
For the reasons set forth below, I respectfully recommend that
defendant's motion be granted.

II. *Facts*

Plaintiff, a sentenced inmate in the custody of the New
York State Department of Correctional Services, commenced
this action on or about January 12, 2009 by submitting his
complaint to the Court's Pro Se office. Plaintiff alleges, in
pertinent part, that he has "a non-healing ulcer that is gane
green [*sic* ]" and that defendant Bernstein "did not want
to treat the ulcer right" (Complaint, dated March 3, 3009
(Docket Item 2) ("Compl."), at 3).

The action was originally commenced against two defendants
—Dr. Bernstein and Dr. Finkelstein. The action was dismissed
as to Dr. Finkelstein because the complaint contained no
allegations whatsoever concerning Dr. Finkelstein (Order
dated February 18, 2010 (Docket Item 9)).

On March 4, 2010, the sole remaining defendant—Dr.
Bernstein—filed the current motion. Plaintiff failed to submit
a response. Accordingly, on August 20, 2010, I issued an
Order advising plaintiff that if he wished to oppose the
motion, he must submit his opposition by September 15, 2010
and that after that date I would consider the motion fully
submitted and ripe for decision (Order dated August 20, 2010
(Docket Item 15)). The only submission plaintiff has made
in response to my Order is a multi-part form issued by the
New York State Department of Correctional Services entitled
"Disbursement or Refund Request." [2] By this form, plaintiff
appears to request that the New York State Department of
Correctional Services pay the filing fee for this action. The
form is marked "Denied."

[2]    Plaintiff sent this form directly to my chambers,
and it has not been docketed by the Clerk of the
Court. The form will be docketed at the time this
Report and Recommendation is issued.

III. *Analysis*
28 U.S.C. § 1915 permits an indigent litigant to commence
an action in a federal court without prepayment of the filing
fee that would ordinarily be charged. Although an indigent,
incarcerated individual need not prepay the filing fee at the
time at the time of filing, he must subsequently pay the fee,
to the extent he is able to do so, through periodic withdrawals
from his inmate accounts. 28 U.S.C. § 1915(b); *Harris v.
City of New York,* 607 F.3d 18, 21 (2d Cir.2010). To prevent
abuse of the judicial system by inmates, paragraph (g) of
this provision denies incarcerated individuals the right to
proceed without prepayment of the filing fee if they have
repeatedly filed meritless actions, unless such an individual
shows that he or she is in imminent danger of serious

physical injury. *See Ortiz v. McBride,* 380 F.3d 649, 658 (2d Cir.2004) ("[T]he purpose of the PLRA ... was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); *Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir.1997). Specifically, paragraph (g) provides:

> **\*2** In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If an inmate plaintiff seeks to avoid prepayment of the filing fee by alleging imminent danger of serious physical injury, there must be a nexus between the serious physical injury asserted and the claims alleged. *Pettus v. Morgenthau,* 554 F.3d 293, 298 (2d Cir.2009).

Section 1915(g) clearly prevents plaintiff from proceeding in this action without prepayment of the filing fee. The memorandum submitted by defendant establishes that plaintiff has had his IFP status revoked on at least four prior occasions as a result of his repeatedly filing meritless actions.

• In 2005, plaintiff commenced an action in the United States District Court for the Northern District of New York seeking to have his infected leg amputated. *Nelson[3] v. Lee,* No. 9:05–CV–1096 (NAM)(DEP), 2007 WL 4333776 (N.D.N.Y. Dec. 5, 2007). In that matter, the Honorable Norman A. Mordue, Chief United States District Judge, accepted and adopted the Report and Recommendation of the Honorable David E. Peebles, United States Magistrate Judge, that plaintiff had brought three or more prior actions that had been dismissed for failure to state a claim and that plaintiff's IFP status should, therefore, be revoked. 2007 WL 4333776 at *1–*2.

3    It appears that plaintiff uses the names David J. Cash and Dennis Nelson interchangeably. In his complaint in this matter, plaintiff states that the Departmental Identification Number, or DIN, assigned to him by the New York State Department of Correctional Services ("DOCS") is 94–B–0694 (Compl. at 7). DOCS inmate account records submitted by plaintiff in connection with his application for IFP status indicate that DIN 94–B–0694 is assigned to Dennis Nelson. In addition, the DOCS form described in footnote two bears the docket number of this action, but is signed in the name of Dennis Nelson and was sent in an envelope identifying the sender as Dennis Nelson. A subsequent action has been filed in this Court in which the plaintiff identifies himself as Dennis Nelson but lists his DIN as 94–B–0694, the same DIN used by plaintiff here. Finally, plaintiff has submitted nothing to controvert the assertion in defendant's papers that David Cash and Dennis Nelson are the same person. In light of all these facts, I conclude that David Cash and Dennis Nelson are both names used by plaintiff.

• In *Nelson v. Nesmith,* No. 9:06–CV–1177 (TJM)(DEP), 2008 WL 3836387 (N.D.N.Y. Aug. 13, 2008), plaintiff again filed an action concerning the medical care he was receiving for his left leg. The Honorable Thomas J. McAvoy, United States District Judge, accepted the Report and Recommendation of Magistrate Judge Peebles, and revoked plaintiff's IFP status and dismissed the action on the ground that plaintiff had previously commenced at least three actions that had been dismissed on the merits. 2008 WL 3836387 at *1, *7.

  • In *Nelson v. Spitzer,* No. 9:07–CV–1241 (TJM) (RFT), 2008 WL 268215 (N.D.N.Y. Jan. 29, 2008), Judge McAvoy again revoked plaintiff's IFP status on the ground that plaintiff had commenced three or more actions that constituted "strikes" under Section 1915(g) and had not shown an imminent threat of serious physical injury. 2008 WL 268215 at *1–*2.

  • Finally, in *Nelson v. Chang,* No. 08–CV–1261 (KAM)(LB), 2009 WL 367576 (E.D.N.Y. Feb. 10, 2009), the Honorable Kiyo A. Matsumoto, United

States District Judge, also found, based on the cases discussed above, that plaintiff had exhausted the three strikes permitted by Section 1915(g) and could not proceed IFP in the absence of a demonstration of an imminent threat of serious physical injury. 2009 WL 367576 at *2–*3.

**\*3** As defendant candidly admits, there is one case in which plaintiff's leg infection was found to support a finding of an imminent threat of serious physical injury sufficient to come within the exception to Section 1915(g). *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2008 WL 4401874 at *2 (N.D.N.Y. Sept. 24, 2008). Nevertheless, summary judgment was subsequently granted for defendants in that case, and the complaint was dismissed. Judge Mordue concluded that there was no genuine issue of fact that plaintiff had received adequate medical care for his leg wound and that the failure of the leg to heal was the result of plaintiff's own acts of self-mutilation and interference with the treatment provided. *Nelson v. Scoggy,* No. 9:06–CV–1146 (NAM)(DRH), 2009 WL 5216955 at *3–*4 (N.D.N.Y. Dec. 30, 2009). [4]

[4]    Although the form complaint utilized by plaintiff expressly asks about prior actions involving the same facts, plaintiff disclosed only the *Scoggy* action and expressly denied the existence of any other actions relating to his imprisonment (Compl. at 6).

In light of the foregoing, there can be no reasonable dispute that plaintiff has exceeded the three "strikes" allowed by Section 1915(g) and that he cannot, therefore, proceed here without prepaying the filing fee unless he demonstrates an imminent threat of serious physical injury. Plaintiff has declined to attempt to make this showing in response to defendant's motion, and the only suggestion in the record of serious physical injury is the bare statement in the complaint that plaintiff "need[s] to go back to a wound speci[a]list before the gane green [*sic* ] kills [him]" (Compl. at 5). "However, unsupported, vague, self-serving, conclusory speculation is not sufficient to show that Plaintiff is, in fact, in imminent danger of serious physical harm." *Merriweather v. Reynolds,* 586 F.Supp.2d 548, 552 (D.S.C.2008), *citing Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003) *and White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir.1998); *see also Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir.2003) (imminent danger exception to Section 1915(g) requires "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Given the plaintiff's

history, as set forth in the cases described above, I conclude that this vague statement is insufficient to support a finding that plaintiff is in imminent danger of serious physical injury. [5]

[5]    Plaintiff has sent me several letters describing his wound and its symptoms in detail, and I have no doubt that the wound is serious. However, in granting summary judgment dismissing an action last year based on the same allegations, Judge Mordue of the Northern District found that there was no genuine issue of fact that plaintiff's own conduct was responsible for the ineffectiveness of the treatment he was provided:

    Furthermore, to the extent that Nelson's medical treatment was delayed, much of the delay was due to his own refusal to cooperate with medical staff and his self-mutilations. Nelson's actions to thwart the medical treatment of his wound cannot be construed as interference or indifference by anyone else.... [T]he medical treatment Nelson received complied with constitutional guarantees as it was appropriate, timely, and delayed only by Nelson's own actions.

    *Nelson v. Scoggy, supra,* 2009 WL 5216955 at *4. Given plaintiff's total failure to respond to the pending motion and his failure to even deny that he is actively thwarting treatment of his wound, it would be sheer speculation for me to conclude that he is in imminent danger of a serious injury as a result of defendant's conduct.

## IV. *Conclusion*

Accordingly, for all the foregoing reasons, I find that plaintiff has had three or more prior actions dismissed as being frivolous, malicious or failing to state a claim and that plaintiff's *in forma pauperis* status should, therfore, be revoked. If your Honor accepts this recommendation, I further recommend that the action be dismissed unless plaintiff pays the filing fee in full within thirty (30) days of your Honor's final resolution of this motion.

## V. *OBJECTIONS*

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6(a). Such objections (and

responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Barbara S. Jones, United States District Judge, 500 Pearl Street, Room 1920, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Jones. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. *Thomas v. Arn,* 474 U.S. 140, 155

(1985); *United States v. Male Juvenile,* 121 F.3d 34, 38 (2d Cir.1997); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 5185047

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

Bullis v. Ollinger, Not Reported in Fed. Supp. (2021)

Case 6:23-cv-01438-TJM-TWD   Document 8   Filed 01/30/24   Page 14 of 21

2021 WL 230106
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Denise L. BULLIS, Plaintiff,

v.

Sandy OLLINGER et al., Defendants.

6:20-cv-913 (GLS/ATB)
|
Signed 01/22/2021

**Attorneys and Law Firms**

Denise L. Bullis, Unadilla, NY, pro se.

Ransom P. Reynolds, III, William F. Larkin, Office of the
United States Attorney, Syracuse, NY, for Defendants.

**SUMMARY ORDER**

Gary L. Sharpe, U.S. District Judge

**\*1** Plaintiff *pro se* Denise L. Bullis commenced this action
against defendants Sandy Ollinger and Jeff Parker in Oneonta
City Court, Small Claims Part in Otsego County, New
York. (Compl., Dkt. No. 2.) Bullis alleges that defendants,
two employees of the United States Postal Service (USPS),
were negligent in handling a certain package. (*Id.* at 2.)
Defendants removed the action to this court pursuant
to the Federal Tort Claims Act (FTCA),[1] on the basis that
defendants are employees of the United States and were
acting within the scope of their employment. (Dkt. No. 1.)
Defendants then moved to substitute the United States in
place of them, and to dismiss the complaint in its entirety,
(Dkt. No. 6), which Bullis did not oppose. For the reasons that
follow, defendants' unopposed motion is granted, and Bullis'
complaint is dismissed.

[1]   *See* 28 U.S.C. §§ 2671-80.

**I. Background**[2]

[2]   The facts are drawn from Bullis' complaint, (Dkt.
No. 2), and presented in the light most favorable to
her.

On June 8, 2020, Bullis brought a "brand new cell phone" to
a post office in Oneonta, New York for shipping. (Compl. at
2.) She handed the telephone to Ollinger, who provided Bullis
with a tracking number. (*Id.*) The telephone never arrived at
its destination, and, when Bullis searches the tracking number,
the USPS database shows that the package has not left the
post office, despite statements from defendants that it has
been "picked up." (*Id.*) Bullis seeks to recover $1,000 for
defendants' mishandling of her package. (*Id.*) Now pending
is defendants' unopposed motion to dismiss and to substitute
the United States in place of Ollinger and Parker. (Dkt. No. 6.)

**II. Discussion**

As an initial matter, Bullis has failed to respond to the
pending motion. And her failure to respond is not without
significance. Under this District's Local Rules, a party's
failure to respond to a properly filed motion can constitute
consent to the granting of that motion, so long as the
court determines that the moving party has demonstrated its
entitlement to relief. *See* N.D.N.Y. L.R. 7.1(a)(3); *Albino
v. City of Amsterdam Police,* No. 1:19-CV-1415, 2020 WL
7024388, at \*2 (N.D.N.Y. Nov. 30, 2020) (noting that, if the
moving party has met its burden, "the non-moving party's
failure to file or serve any papers ... shall be deemed as
consent to the granting or denial of the motion, as the case
may be, unless good cause be shown." (citation omitted));
*Herring v. Tabor,* No. 9:12-cv-1739, 2014 WL 2946545, at
\*5 (N.D.N.Y. June 30, 2014) (noting that, where a defendant's
motion to dismiss is unopposed, the "burden of persuasion is
lightened such that, in order to succeed, the motion need only
be 'facially meritorious' " (citation omitted)).

In addition, a threshold issue as to whether defendants are
entitled to relief with respect to their motion is whether
defendants were acting within the scope of their employment
during the incident in question. Accepting Bullis' allegations
as true, but without the benefit of a response to defendants'
motion, defendants were acting within the scope of their
employment as United States postal workers at all relevant
times. Indeed, Bullis does not suggest otherwise in her
complaint, (Compl.), and there is no reason to believe that the
alleged mishandling of a package by two postal workers at a
post office was done in a manner other than within the scope
of their employment.

**\*2** Finally, because Bullis' claim purports to be a common
law tort claim, it must be brought under the FTCA. *See, e.g.,*

**Bullis v. Ollinger, Not Reported in Fed. Supp. (2021)**

Case 6:23-cv-01438-TJM-TWD   Document 8   Filed 01/30/24   Page 15 of 21

*Morillo v. eBay*, No. 17-CV-4091, 2017 WL 6622543, at *3 (E.D.N.Y. Dec. 28, 2017) (collecting cases).

**A. Motion to Substitute**
Defendants argue that, pursuant to the FTCA, the United States should be substituted for Ollinger and Parker in this action. (Dkt. No. 6, Attach. 1 at 2.) The FTCA permits "civil actions on claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). With certain exceptions not applicable here, this remedy "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." *Id.* § 2679(b)(1).

Because Ollinger and Parker were acting within the scope of their employment during the events that gave rise to this litigation, the motion to substitute is granted, and the United States is substituted for them. *See Clarcq v. VanGorder*, No. 5:18-CV-1168, 2019 WL 1317784, at *2 (N.D.N.Y. Mar. 22, 2019) ("As a result [of finding that defendants acted within the scope of their employment], substitution is mandatory, and therefore the United States shall be substituted for the[m]." (citations omitted)).

**B. Motion to Dismiss**
The United States argues that Bullis' complaint must be dismissed on two independent grounds: (1) Bullis failed to first present her claim to USPS and (2) sovereign immunity has not been waived for the category of claim Bullis brings against the United States. (Dkt. No. 6, Attach. 2 at 1-3.)

*1. Bullis Failed to Exhaust Administrative Remedies*
First, the United States argues that Bullis' complaint must be dismissed because she did not first file an administrative claim with USPS prior to bringing this action, thus depriving the court of subject matter jurisdiction. (*Id.* at 2.) A prerequisite to maintaining a tort claim against an entity covered by the FTCA is that "the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency." 28 U.S.C § 2675(a). A plaintiff has properly exhausted an FTCA claim against USPS when:

[USPS] receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. A standard Form 95 may be obtained from the local District Tort Claims Coordinator, the National Tort Center, or online at usa.gov (select Government forms).

39 C.F.R. § 912.5(a). A district court lacks subject matter jurisdiction if the plaintiff failed to exhaust her FTCA claim. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *Furman v. U.S. Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004) ("Compliance with Section 2675 'is strictly construed.' Without this administrative exhaustion, courts lack subject matter jurisdiction over the claim." (citations omitted)).

**\*3** Here, the United States maintains that Bullis never filed an administrative claim with USPS. (Dkt. No. 6, Attach. 1 at 2.) And Bullis does not allege in her complaint that she filed such an administrative claim. (*See generally* Compl.) Accordingly, Bullis' claim against the United States must be dismissed.[3] *See Thompson v. United States*, 795 F. App'x 15, 20 (2d Cir. 2019) (affirming the dismissal of an FTCA claim based on alleged damage to a package by USPS because the plaintiff "failed to allege proper exhaustion," in that he did not allege that he first sought monetary damages from USPS).

[3]    While better pleading could potentially cure this defect in Bullis' claim, the claim must be dismissed with prejudice and without leave to amend because, as described below, the United States has not waived sovereign immunity. *See infra* Part II.B.2.

*2. Sovereign Immunity*
In any event, as argued by the United States, (Dkt. No. 6, Attach. 2 at 2-3), even if Bullis brought an administrative

**Bullis v. Ollinger, Not Reported in Fed. Supp. (2021)**

Case 6:23-cv-01438-TJM-TWD   Document 8   Filed 01/30/24   Page 16 of 21

claim to USPS, her claim must be dismissed because the United States has not waived sovereign immunity for the type of claim advanced by her. Indeed, sovereign immunity has not been waived for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Because Bullis' claim is solely based on the loss or failed delivery of her telephone, it falls squarely within this exception to the waiver of sovereign immunity and must be dismissed for lack of subject matter jurisdiction. *See Aliev v. U.S. Postal Serv.*, No. 19-CV-1156, 2020 WL 1956301, at *3 (W.D.N.Y. Apr. 23, 2020) ("[T]o the extent [plaintiff] alleges USPS was negligent in delivering, handling, or failing to deliver his mail, any such claim is precluded by the postal matter exception and must be dismissed for lack of subject matter jurisdiction." (citation omitted)).

Moreover, because the court lacks jurisdiction over this matter, and better pleading cannot establish jurisdiction without an entirely new set of facts and allegations, any amendment to Bullis' complaint would be futile. *See Moran v. Proskauer Rose LLP*, No. 1:17-cv-00423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) ("[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading." (citations omitted)). Accordingly, Bullis'

complaint is dismissed with prejudice and without leave to amend.

Accordingly, it is hereby

**ORDERED** that defendants' motion to substitute the United States for Ollinger and Parker (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that the United States' motion to dismiss is **GRANTED**; and it is further

**ORDERED** that Bullis' complaint (Dkt. No. 2) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2021 WL 230106

---

  © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**  © 2024 Thomson Reuters. No claim to original U.S. Government Works.  3

Case 6:23-cv-01438-TJM-TWD   Document 8   Filed 01/30/24   Page 17 of 21

Aliev v. United States Postal Service, Not Reported in Fed. Supp. (2020)

2020 WL 1956301
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

Sobir ALIEV, Plaintiff,
v.
UNITED STATES POSTAL SERVICE, Defendant.

19-CV-1156 (JLS)
|
Signed 04/23/2020

**Attorneys and Law Firms**

Sobir Aliev, Buffalo, NY, pro se.

Mary Pat Fleming, Mary K. Roach, U.S. Attorney's Office, Buffalo, NY, for Defendant.

## DECISION AND ORDER

JOHN L. SINATRA, JR., UNITED STATES DISTRICT JUDGE

*1 *Pro se* Plaintiff Sobir Aliev filed this action against the United States Postal Service ("USPS") on August 28, 2019. Dkt. 1. USPS moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Dkt. 10.

For the following reasons, Defendant's motion to dismiss is granted, and Plaintiff's complaint is dismissed without prejudice.

## BACKGROUND

Aliev alleges in his complaint that on August 9, 2018, he paid USPS $208.90 to ship a television to his wife. Dkt. 1, at 4. According to the receipt attached to his complaint, Aliev paid for Priority Mail International service to Uzbekhistan. Dkt. 1, at 8. The package weighed 40 pounds and eight ounces. Dkt. 1, at 8. This receipt indicated that the Priority Mail International service included $200 in insurance and an insurance notice reading: "Save this receipt as evidence of insurance. For information on filing an insurance claim go to https://www.usps.com/help/claims.htm." Dkt. 1, at 7-8.

Aliev claims that approximately a year later, his wife had not received the television. Dkt. 1, at 4. Aliev seeks for his money to be returned—$208.90 for the postal fee and $696.99 as reimbursement for the television. Dkt. 1, at 4.

On December 13, 2019, USPS moved to dismiss. Dkts. 10, 11. On February 19, 2020, this Court entered a scheduling order directing Aliev to respond to the motion to dismiss no later than March 6, 2020. Dkt. 16. This order provided that a failure to respond to the motion may result in dismissal of Plaintiff's complaint. Dkt. 16. To date, Aliev has not responded.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Unopposed Motions

Where the Court is presented with an unopposed motion, "it may not find for the moving party without reviewing the record and determining whether there is sufficient basis for granting the motion." *See Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 574-75 (W.D.N.Y. 2018). Where there is a 12(b) motion that has not been opposed, the Court must review the merits of the motion and determine whether the movant has carried its burden. *See Anderson v. Pedalty*, No. 14-CV-00192, 2015 WL 1735192, at *1 (W.D.N.Y. Apr. 16, 2015) (citing *Foster v. Phillips*, No. 03 CIV 3629 MBM DF, 2005 WL 2978686, at *3 (S.D.N.Y. Nov. 7, 2005)). This Court is aware that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be interpreted to "raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

#### B. Rule 12(b)(1) and 12(b)(6) Motions

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See Fed. R. Civ. P. 12(b)(1)*; *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

*2 To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts that—if accepted as true—are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

Case 6:23-cv-01438-TJM-TWD   Document 8   Filed 01/30/24   Page 18 of 21

Aliev v. United States Postal Service, Not Reported in Fed. Supp. (2020)

U.S. 544, 570 (2007)). While the complaint need not contain detailed factual allegations, "at a bare minimum the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Yang Zhao v. Keuka College*, 264 F. Supp. 3d 482, 490 (W.D.N.Y. 2017) (quoting *Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir. 2008)).

Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first. *See, e.g., Capellupo v. Webster Cent. Sch. Dist.*, No. 13-CV-6481 EAW, 2014 WL 6974631, at *2 (W.D.N.Y. Dec. 9, 2014); *Frederick v. State*, 232 F. Supp. 3d 326, 331 (W.D.N.Y. 2017) ("A motion questioning the Court's subject matter jurisdiction must be considered before other challenges since the Court must have jurisdiction before it can properly determine the merits of a claim.").

## II. THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIM

To the extent that Aliev's claim against USPS purports to be a common law tort claim, it must be brought under the Federal Tort Claims Act ("FTCA"). *See, e.g., Morillo v. eBay*, 17-CV-4091 (MKB), 2017 WL 6622543, at *3 (E.D.N.Y. Dec. 28, 2017) (collecting cases). It is well-established that "suits against the United States Postal Service are suits against the United States." *See Lombardi v. United States*, No. 15-CV-1047-A, 2016 WL 1604492, at *1 (W.D.N.Y. Apr. 22, 2016) (citing *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484-85 (2006)). Under the principle of sovereign immunity, "it is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Gildor v. U.S. Postal Serv.*, 179 Fed. App'x 756, 758 (2d Cir. 2006) (quoting *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983)). Pursuant to the Postal Reorganization Act, the "FTCA" applies to tort claims arising out of activities of the Postal Service. [1] *See* 39 U.S.C. § 409(c). The FTCA provides a limited waiver of the federal government's sovereign immunity against certain tort claims arising out of the conduct of its employees. *See* 28 U.S.C. § 1346(b)(1); *Devlin v. U.S.*, 352 F.3d 525, 530 (2d Cir. 2003).

[1]     Plaintiff's complaint did not cite any statutory basis for his action against USPS. However, the FTCA is the exclusive means for recovering damages

against a federal agency for injury or loss of property resulting from negligence.

But Congress explicitly carved out exceptions to this waiver of sovereign immunity, including the "postal matter exception," which preserves sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Przespo v. U.S. Post Office*, 177 F. Supp. 3d 793, 796 (W.D.N.Y. 2016). According to the Supreme Court in *Dolan*, Congress enacted this exception with the intent to retain immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Przespo*, 177 F. Supp. 3d at 796 (citing *Dolan*, 546 U.S. at 489).

 **\*3** In this case, Aliev's claim is solely for the loss or failed delivery of a package. This claim falls squarely within the "postal matter exception" to the waiver of sovereign immunity. Accordingly, to the extent Aliev alleges USPS was negligent in delivering, handling, or failing to deliver his mail, any such claim is precluded by the postal matter exception and must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *See Irons v. U.S. Postal Serv.*, No. 12-CV-4508 (KAM), 2012 WL 4344318, at *2 (E.D.N.Y. Sept. 21, 2012).

Moreover, even in the absence of sovereign immunity, Aliev's complaint is also subject to dismissal for lack of subject matter jurisdiction for failure to exhaust administrative remedies as required under the FTCA. *See Thompson v. United States*, 795 Fed. App'x 15, 20 (2d Cir. 2019). This requirement is "jurisdictional and cannot be waived." *Przespo*, 117 F. Supp. 3d at 797; *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). The receipt and other attached documents to Aliev's complaint provide information regarding insurance coverage and filing claims for lost items. Dkt. 1, at 7-9. However, Aliev has not indicated that he initiated an inquiry or filed an administrative claim with USPS prior to initiating this action. Thus, the Court lacks subject matter jurisdiction on this ground as well and must dismiss the claim pursuant to Rule 12(b)(1).

Finally, to the extent Aliev's complaint contains a breach of contract claim, [2] such a claim, not barred by sovereign immunity, nevertheless fails on account of failure to exhaust administrative remedies. *See McBride v. U.S. Postal Serv.*, No. 07-CV-0446 (NG), 2007 WL 1965337, at *2 (E.D.N.Y. June 29, 2007).

Aliev v. United States Postal Service, Not Reported in Fed. Supp. (2020)

Case 6:23-cv-01438-TJM-TWD Document 8 Filed 01/30/24 Page 19 of 21

2      Plaintiff's complaint does not specify whether his claims are tort or contract claims. Given that Plaintiff is proceeding *pro se*, this Court will interpret the complaint liberally and address both types of claims.

Claims against USPS for the value of the contents of lost mail are permitted to the extent USPS consents to be liable, as set forth in the postal laws and regulations. *See, e.g.*, *Kaplan v. U.S. Postal Serv.*, No. 08-CV-6145T, 2010 WL 4116789, at *2 (W.D.N.Y. Oct. 19, 2010). In this case, postal regulations set forth in the International Mail Manual, and incorporated by reference into the United States Code of Federal Regulations, govern the liability of the USPS for lost international mail. *Id.*; *see also Lam v. U.S. Postal Serv.*, No. 06-CV-0268 JG, 2006 WL 27929199, at *4 (E.D.N.Y. Sept. 25, 2006). But Aliev has not alleged that he has pursued the administrative avenues provided in these regulations and the manual, let alone pursued them within the appropriate timeframe, in order to recover for the loss he alleges. *See Djordjevic v. Postmaster General, U.S. Postal Serv.*, 911 F. Supp. 72, 75 (E.D.N.Y. 1995) (granting dismissal without prejudice where the plaintiff had filed an initial inquiry but failed to complete the administrative process proscribed by USPS regulations). Because Aliev has not pursued these remedies, and USPS has not conceded that Aliev's package was lost, the complaint must be dismissed pursuant to Rule 12(b)(1) for this reason too.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. 10) is granted, and Plaintiff's complaint (Dkt. 1) is dismissed without prejudice. The Clerk is directed to close the case.

**\*4** SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 1956301

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 81837
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Yanerys PENA, Plaintiff,
v.
U.S. POSTAL SERVICE, Defendant.

1:23-CV-10123 (LTS)
|
Signed January 8, 2024

**Attorneys and Law Firms**

Yanerys Pena, Bronx, NY, Pro Se.

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District
Judge:

 **\*1** Plaintiff Yanerys Pena, of the Bronx, New York, who
is appearing *pro se*, filed this action invoking the court's
federal question jurisdiction. She sues the United States
Postal Service ("USPS"), seeking unspecified relief. By
order dated November 20, 2023, the Court granted Plaintiff's
request to proceed *in forma pauperis* ("IFP"), that is, without
prepayment of fees. For the reasons set forth below, the Court
dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of
the complaint, that is frivolous or malicious, fails to state a
claim on which relief may be granted, or seeks monetary relief
from a defendant who is immune from such relief. 28 U.S.C.
§ 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,*
141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss
a complaint when the Court lacks subject matter jurisdiction
of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the
law mandates dismissal on any of these grounds, the Court is
obliged to construe *pro se* pleadings liberally, *Harris v. Mills,*
572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise
the "strongest [claims] that they *suggest*," *Triestman v. Fed.
Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal
quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff alleges that the events that are the bases for her
claims occurred in Jamaica, Queens County, New York, on
November 23, 2022. She also alleges the following:

> I have made a money order to my
> landlord for the rent for $1,000.00 ...
> and they never received [it], so I
> went to the post[ ] office to request
> information[.] I file the inquiry at
> the post office to request a refund
> of my money order[.] I went to the
> Police Department for the incident
> information[.] I made a complaint I
> call the post office. I also went to the
> post office they just send me a letter
> that the money order was cash[ed] on
> [November 23, 2022.] It's going to be
> a year now and I haven[']t he[ard]
> nothing from the US Postal Service.

(ECF 1, at 5.)

**DISCUSSION**

**A. Sovereign immunity**

The Court must dismiss Plaintiff's claims against the USPS
under the doctrine of sovereign immunity. This doctrine
bars federal courts from hearing all suits against the federal
government, including suits against any part of the federal
government, such as the USPS, except where sovereign
immunity has been waived. *United States v. Mitchell,* 445
U.S. 535, 538 (1980) (quoting *United States v. Sherwood,* 312
U.S. 584, 586 (1941)); *see Dolan v. USPS,* 546 U.S. 481,
484 (2006) ("[T]he Postal Service enjoys federal sovereign
immunity absent a waiver.").

The Court construes Plaintiff's complaint as asserting claims
for damages under the Federal Tort Claims Act ("FTCA").
The FTCA provides for a waiver of sovereign immunity
for certain claims for damages arising from the tortious
conduct of federal officers or employees acting within the
scope of their office or employment. *See* 28 U.S.C. §§
1346(b)(1), 2680. This waiver does not apply, however, as to

"[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." § 2680(b). "The proper defendant in an FTCA claim is the United States...." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). The Court therefore construes Plaintiff's claims against the USPS as brought against the United States of America.

**\*2** With respect to those claims in which the FTCA's waiver of sovereign immunity does apply, a plaintiff must comply with that statute's procedural requirements before a federal court can entertain an FTCA claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds, United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final administrative denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final administrative denial by the federal entity. *See* § 2401(b). If no written final administrative determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are non jurisdictional and subject to equitable tolling," *Kwai Fun Wong*, 575 U.S. at 420.

To the extent that Plaintiff asserts claims for damages under the FTCA against the United States of America, arising from the USPS's alleged failure to deliver a money order that Plaintiff mailed to her landlord, sovereign immunity has not been waived as to such claims. *See* § 2680(b); *De Perez v. U.S. Post Office*, No. 13-CV-2442, 2013 WL 2146918, at *2 (E.D.N.Y. May 16, 2013) (dismissing the plaintiff's claim under the FTCA against the USPS, arising from "the failure to

deliver her money order to the intended recipient," pursuant to Section 2680(b)).

With respect to any other claims for damages that she asserts against the United States of America, Plaintiff has not alleged facts demonstrating that she filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written administrative determination before bringing this action, nor has she alleged facts showing that it has been more than six months since she has filed such an administrative claim.

Accordingly, Court dismisses all of Plaintiff's claims against the USPS and the United States of America under the doctrine of sovereign immunity, for lack of subject matter jurisdiction, and for seeking monetary relief from a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Celestine*, 403 F.3d at 82.

**B. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

**All Citations**

Slip Copy, 2024 WL 81837

---

                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

   © 2024 Thomson Reuters. No claim to original U.S. Government Works.