UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NORMAN CRONEY,

                                            Plaintiff,


v.                                                    6:23-cv-1438
                                                      (BKS/TWD)


LUIS DEJOY,

                                            Defendant.
_____

APPEARANCES:                          OF COUNSEL:

NORMAN CRONEY
*Plaintiff, pro se*
16-A-0510
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

**REPORT-RECOMMENDATION AND ORDER**

## I.    INTRODUCTION

On November 17, 2023, *pro se p*laintiff Norman Croney ("Plaintiff") filed a complaint

alleging United States Postal Service Postmaster General Luis DeJoy ("Defendant") violated his

civil rights, Dkt. No. 1,[1] along with a motion to proceed *in forma pauperis* ("IFP"), Dkt. No. 5.

By Report-Recommendation and Order dated January 30, 2024, the undersigned granted

Plaintiff's motion to proceed IFP and recommended his official capacity claims against DeJoy be

_____

[1] Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the
Court's electronic filing system.  Unless otherwise indicated, excerpts from the record are
reproduced exactly as they appear in the original and errors in spelling, punctuation, and
grammar have not been corrected.

dismissed and individual capacity claims against DeJoy be dismissed with leave to amend.  Dkt. No. 8 at 8.

Plaintiff submitted an amended complaint on February 12, 2024.  Dkt. No. 9.  By Text Order dated July 11, 2024, the matter was reassigned to Hon. Brenda K. Sannes, Chief United States District Judge.  Dkt. No. 12.  Judge Sannes denied the Report-Recommendation and Order as moot and recommitted the matter to the undersigned for a review of the allegations contained in Plaintiff's amended complaint.  Dkt. No. 13 at 2.

## II.    AMENDED COMPLAINT [2]

Plaintiff claims, on November 3, 2022, while he was incarcerated at Five Points Correctional Facility, he sent a letter to the Federal Bureau of Investigations ("FBI") via certified mail.  Dkt. No. 9 at 2.  He also "wrote the F.B.I. Dozens of times regular mail," but did not receive a response.  *Id.*  Therefore, Plaintiff sent a second letter to the FBI by certified mail on September 1, 2023, from Marcy Correctional Facility, but again received no return receipt.  *Id.*

Plaintiff avers "[d]ue to the fact that I sent the (F.B.I.) (2) two certified mail return receipts" from "two diffrent facilitys, and both times got the receipt saying it left the facility, but didn't receive the Hardcopy return receipt signature conformation in which I payed for, Then Luis DeJoy is responsible for violating My 1st at 4th Amendment."  *Id.* at 2-3.  He further argues DeJoy is "responsible for violating the Sarbanes-Oxley Act" and "committing mail fraud . . . ." *Id.* at 3.  He contends "DeJoy acted under color of federal law when he directed his employees to engage in fraudulent actions that was the cause of my certified mail return receipt signature conformation Being intercepted and not making it to the destination I payed for it to go to."  *Id.*

---

[2] The factual allegations in Plaintiff's amended complaint are nearly identical to those contained in the original compliant.  *Compare* Dkt. No. 1 *with* Dkt. No. 9.

Plaintiff identified *Bivens* as the legal basis for his complaint,[3] and seeks to hold Defendant DeJoy liable in both his individual and official capacities.  *See id*. at 1.  He requests "punitive and or monettary compensation for the violation of my 1st and 4th Amendments right in the Amount of 500,000$."  *Id*. at 3.

## III.    STANDARD OF REVIEW

The Court shall dismiss a complaint in a civil action if the Court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b)(1)-(2); *see also, Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (emphasis in original, internal quotation marks and citation omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1)

---

[3] *See generally*, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation."  *Id.*  It must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Moreover, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, an opportunity to amend is not

required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV.    DISCUSSION

Plaintiff purports to assert claims against Defendant DeJoy, in both his individual and official capacities, pursuant to *Bivens*, for the violation of Plaintiff's First and Fourth Amendment rights. *See* Dkt. No. 9 at 5. "In *Bivens* . . . , the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights." *Feldman v. Lyons*, 852 F. Supp. 2d 274, 278 (N.D.N.Y. 2012) (citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66–67 (2001)); *see also Iqbal*, 556 U.S. 662, 675-76 (2009) ("In the limited settings where *Bivens* does apply, the implied cause of action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.") (internal quotations and citations omitted). Even assuming, *arguendo*, Plaintiff has an implied cause of action under *Bivens* for his First and Fourth Amendment claims, his amended complaint fails to state a claim upon which relief may be granted.

"[V]icarious liability is inapplicable to *Bivens* and § 1983 suits, [therefore,] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020). Here, Plaintiff's sole factual allegation against DeJoy is that the Defendant "dirrected his employees to engage in fraudulent actions" which caused Plaintiff's "certified mail return receipt signature conformation Being intercepted and not making it to the destination . . . ." Dkt. No. 9 at 3. Yet, the complaint lacks any factual support for the Defendant's alleged wrongdoing,

beyond Plaintiff's speculation that DeJoy "dirrected his employees to engage in fraudulent actions . . . ." *Id*.

In sum, Plaintiff's sole assertion about the Defendant is speculative and unsupported by any factual enhancement.  Therefore, the undersigned recommends dismissal of Plaintiff's amended complaint under § 1915A(b)(1).  *See, e.g.*, *Blount v. Cnty. of Onondaga*, No. 5:20-CV-0937 (GTS/TWD), 2020 WL 9264843, at *8 (N.D.N.Y. Oct. 19, 2020) (recommending dismissal pursuant to §§ 1915(e)(2)(B) and 1915A(b), explaining, the plaintiff's "allegations are conclusory and unsupported by any factual enhancement and, therefore, fail to satisfy the governing pleading requirements under Rule 8 and *Iqbal*."), *report and recommendation adopted*, 2021 WL 958456 (N.D.N.Y. Mar. 15, 2021); *Guarnieri v. Kelley*, No. 3:19-CV-0318 (GLS/DEP), 2019 WL 1486688, at *4 (N.D.N.Y. Apr. 4, 2019) ("plaintiff's allegations with respect to [the] defendant . . . are conclusory and unsupported by any factual enhancement, and therefore fail to satisfy the governing pleading requirements under Rule 8 and *Iqbal*."), *report and recommendation adopted*, 2019 WL 5596468 (N.D.N.Y. Oct. 30, 2019); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between *possibility* and *plausibility* of entitlement to relief.'") (citing *Twombly*, 550 U.S. at 557) (emphasis added, additional quotations omitted).  However, out of an abundance of caution and in deference to Plaintiff's *pro se* status, the Court recommends the complaint be dismissed without prejudice and with leave to amend.

## V.    CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED** that Plaintiff's claims against Defendant DeJoy be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: August 29, 2024
        Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2020)

2020 WL 9264843

2020 WL 9264843
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Sayvion D. BLOUNT, Plaintiff,

v.

COUNTY OF ONONDAGA, et al., Defendants.

5:20-CV-937 (GTS/TWD)

|

Signed 10/19/2020

**Attorneys and Law Firms**

SAYVION D. BLOUNT, Plaintiff, pro se, 20A1115, Downstate Correctional Facility, Box F, Red Schoolhouse Rd., Fishkill, NY 12524.

**ORDER AND REPORT-RECOMMENDATION**

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**I. INTRODUCTION**

**\*1** The Clerk has sent to the Court for review a *pro se* complaint filed by Plaintiff Sayvion D. Blount pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed *in forma pauperis* ("IFP Application") and a motion for appointment of counsel. (Dkt. Nos. 1, 2, 6.) Plaintiff is incarcerated and has not paid the filing fee for this action. (Dkt. No. 5. [1] )

[1]    Plaintiff's address currently listed on the Docket Report for this action is Downstate Correctional Facility. (Dkt. No. 5.) A search of the Inmate Information Database ("inmate database") maintained by the New York State Department of Corrections and Community Supervision ("DOCCS"), using Plaintiff's Department ID Number (20A1115), reveals Plaintiff is presently incarcerated at the Willard Drug Treatment Campus. *See* http://nysdocslookup.docs.state.ny.gov (last visited Oct. 19, 2020). Under this Court's rules, an unrepresented litigant is under a duty to inform the Court of any address changes in writing. *See* N.D.N.Y.L.R. 10.1(c)(2). For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the Court informed of address changes. Consequently, Plaintiff must file a change of address within thirty days, and he must continue to submit any address changes to the Court as long as his action is pending. "Failure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).

**II. IFP APPLICATION**

A court may grant in forma pauperis status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). Upon review, Plaintiff has submitted a completed and signed IFP Application, which demonstrates economic need. (Dkt. No. 2.) Plaintiff has also filed the inmate authorization form required in this District. (Dkt. No. 3.) Accordingly, Plaintiff's IFP Application is granted. [2]

[2]    Section 1915 permits "an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id.*

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2020)

2020 WL 9264843

(citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)). Plaintiff should also note that although his IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

## III. SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

Having found that Plaintiff meets the financial criteria for commencing this action *in forma pauperis*, and because Plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**\*2** 28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). [3]

[3]      To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure ("Federal Rules"). Rule 8 of the Federal Rules provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Hudson v. Artuz*, No. 95 Civ. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Additionally, Rule 10 of the Federal Rules provides in pertinent part that:

"[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (quotation marks and citations omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 of the Federal Rules "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus,

2020 WL 9264843

a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Summary of Complaint

**\*3** Plaintiff brings this Section 1983 action against the County of Onondaga, City of Syracuse, the Hon. Mary Anne Doherty, Thomas Roulan, Joseph Centra, and Janelle N. Ecker as Defendants. (Dkt. No. 1 at 1, 2.) Additionally, although not named as Defendants in the caption or list of parties, the Court liberally construes the complaint as asserting allegations of wrongdoing against the Hon. Thomas J. Miller, Assistant District Attorney Colin Lynch, Ian Duquette, and Andrew Torrance. (*See generally* Dkt. No. 1.[4]) The following facts are set forth as alleged by Plaintiff in his complaint.[5]

[4]    Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the caption of the complaint. The rule provides that, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "A party not named in the caption of the complaint is not a party to the action." *Bloodywone v. Bellnier*, No. 9:18-CV-0615 (GTS/DJS), 2018 WL 10550308, at 5 n.8 (N.D.N.Y. Oct. 17, 2018) (citing *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims")). "If people are not also named in the caption of the [ ] complaint, they will not be defendants in the case." *Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007). Nevertheless, in this instance, in light of Plaintiff's *pro se* status, and because Plaintiff asserts allegations of wrongdoing against the aforementioned individuals as set forth herein, the Court construes the complaint as asserting claims against these individuals. The Clerk is directed to add the aforementioned individuals as Defendants in this action.

[5]    The Court also considers the amended statement of facts (Dkt. No. 6). (*See* Dkt. No. 7.)

On June 1, 2019, Plaintiff was arrested for unlawful possession of a motor vehicle, a misdemeanor, in addition to other unspecified crimes and appeared before the Hon. Mary Anne Doherty ("Judge Doherty"), Syracuse City Court Judge. (Dkt. No. 6 at 2.[6]) *Id*. On August 12, 2019, after spending 73 days in jail and "pleading," Judge Doherty released Plaintiff "pending sentencing for this misdemeanor crime at a later date." *Id*.

[6]    Page references to documents identified by docket number refer to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office. Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

On September 22, 2019, Plaintiff was "assaulted" by Ian Duquette and Andrew Torrance at a gas station in the City of Syracuse, resulting in Plaintiff's "injury and arrest." (Dkt. No. 1 at 14.) Specifically, Plaintiff was arrested for "felonies, violating the plea term of 3 years misdemeanor probationary term that [he] was going to be sentenced to, and the pretrial release in [Judge] Doherty's Court." (Dkt. No. 6 at 2.) Plaintiff was "held" in jail on the "new felony charges" by the Hon. Thomas J. Miller ("Judge Miller"), Onondaga County Court Judge, "and the still pending misdemeanor in [Judge] Doherty's Court." *Id*.

On January 1, 2020, Plaintiff was "released" on his "own recognizance" and pursuant to the "new bail reform law enacted that day." *Id*. Plaintiff "was to return" to "Judge Miller's Court" on January 8, 2020, and to "Judge Doherty's Court" on January 14, 2020. *Id*. Plaintiff failed to appear at either court date. *Id*. On January 8, 2020, Judge Miller issued a bench warrant for Plaintiff's arrest. *Id*.

**\*4** On January 24, 2020, Plaintiff was arrested on Judge Miller's bench warrant. *Id*. On January 31, 2020, in Judge Miller's Court, Plaintiff was "forced" into "pleading" to an indeterminate sentence of 1.5 to 3 years. *Id*.[7] Plaintiff also agreed "to be sentenced to the Willard Drug Treatment program 97 day state prison program on March 30, 2020." *Id*. at 11-12. Judge Miller made "biased and prejudiced remarks and decisions regarding [Plaintiff's] sentencing and plea bargain agreement." *Id*. at 10. For

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 11 of 32

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2020)

2020 WL 9264843

example, Judge Miller stated, "If you were a family member of mine, I would have to sentence you to a state prison sentence." *Id.* This "coercion" led Plaintiff to believe that he "couldn't plea to an alternative to prison." *Id.*

[7] A review of the DOCCS inmate database shows Plaintiff (DIN 20A1115) was convicted of criminal possession of stolen property in the fourth degree and was sentenced to 1.5 to 3 years. *See* http://nysdocslookup.docs.state.ny.gov (last visited Oct. 19, 2020).

Plaintiff also asked his attorney, Timothy Roulan, "about Doherty's Court," and Roulan explained that "[s]he didn't issue a warrant yet, and so you are not held by her, you are going home today." (Dkt. No. 6 at 2.) Roulan also stated, "don't worry about Doherty's misdemeanor, that will be run concurrent with the felony." *Id.* Plaintiff was released from jail on January 31, 2020, and, pursuant to the plea agreement was to be sentenced on March 30, 2020. (Dkt. No. 1 at 11.)

On March 21, 2020, Plaintiff was arrested pursuant to a bench warrant issued by Judge Doherty for failing to appear on January 14, 2020. *Id.* He was held without bail by Judge Doherty for another 89 days, which Plaintiff claims is "false imprisonment." *Id.* at 3.

Moreover, despite the terms of the January 31, 2020, plea agreement, Judge Miller did not sentence Plaintiff on March 30, 2020, and used the "COVID-19 pandemic to justify not upholding this agreement" (Dkt. No. 1 at 11, 12.)

On June 17, 2020, during a recorded video proceeding regarding the June 1, 2019, misdemeanor charge, Judge Doherty stated, "Mr. Blount you have 5 months of incarceration on this charge, I think. Right, Mr. Blount? So if you want, I am now going to give you time served now." (Dkt. No. 1 at 5.) Plaintiff responded, "No, your Honor. I have close to approximately 9 months of total incarceration as of today." *Id.* [8] Judge Doherty replied, "well, whatever you have in I am now giving you time served." *Id.*

[8] According to the complaint, from June 1, 2019, through June 17, 2019, Plaintiff was "held by Judge Doherty" for a total of 260 days as a result of the misdemeanor charge.

On July 15, 2020, Judge Miller and ADA Lynch denied Plaintiff of his "right" to withdraw and/or revise his January 31, 2020, plea. *Id.* at 12. Although Plaintiff told Janelle E. Ecker, his attorney, that he wanted to "withdraw" or "revise" the plea because of Judge Miller's "bias and coercion," she did not follow his directions. *Id.* Judge Miller sentenced Plaintiff to state prison in "complete violation of [his] civil/constitutional rights as a person" *Id.* at 10. As of August 12, 2020, Plaintiff was incarcerated for at total of 150 days on the felony charges, as opposed to agreed upon 97 days at the Willard Drug Treatment Campus and, therefore, "needs to be released on parole supervision." *Id.* [9]

[9] As noted above, the website maintained by DOCCS indicates Plaintiff was received into custody on August 20, 2020, and is currently incarcerated at the Willard Drug Treatment Center. (*See* Part 1.n1., *supra*.)

Plaintiff also claims that attorneys Joseph Centra and Janelle Ecker "did not raise any legal concern or motions on [his] behalf and refused to assist [Plaintiff] in any legal capacity." (Dkt. No. 6 at 1.) Because of their "inaction," these attorneys "witnessed and allowed Plaintiff's civil/constitutional rights to be violated." *Id.*

**\*5** As a result of the foregoing, Plaintiff has been "emotionally distressed/duressed and mentally anguished." (Dkt. No. 1 at 2.) "Because of this false imprisonment and or unlawful detainment and denial of due process," and because he was "held in custody without bail by" Judge Doherty, Plaintiff was unable to attend the funerals of two family members. (Dkt. No. 1 at 2.) He also has suffered "loss of potential wages."

Plaintiff claims that the "the 260 days in jail" on the June 1, 2019, misdemeanor charge, constitutes "false imprisonment, unlawful detainment, denial of due process in a criminal proceeding, a mismanagement of records, negligence, and professional misconduct and unethical manner and/or misconduct by Hon. Judge Doherty, Syracuse City Judge." *Id.* at 3. The complaint also lists the following as causes of action: unconstitutional conditions of confinement, denial of equal protection, deliberate

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 12 of 32

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2020)

2020 WL 9264843

indifference to medical needs, breach of professional conduct and ethics, negligence, and mismanagement of records. *Id.* Plaintiff has "PTSD and extreme depression and anxiety," along with mental anguish and loss of potential wages. *Id.*

In addition to significant monetary damages, Plaintiff requests a "full investigation" of Judge Doherty regarding the aforementioned "false imprisonment" and states that he wants her "formally disciplined and disbarred for her neglect of duties," and to have her "removed from the court room bench." (Dkt. No. 1 at 9.) Plaintiff also requests a "full investigation" of the foregoing and requests that Janelle Ecker and Judge Miller be "formally disciplined and disbarred" and should not be allowed to practice. *Id.* Plaintiff further requests that he be released to parole supervision. *Id.* For a complete statement, reference is made to the complaint. (Dkt. No. 1.)

### C. Nature of Action

Plaintiff seeks relief pursuant to Section 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990); *see also Myers v. Wollowitz*, No. 95-CV-0272 (TJM), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To state a claim under Section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

## IV. ANALYSIS

In addressing the sufficiency of a *pro se* plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's complaint with this principle in mind, the Court recommends dismissing the complaint in its entirety.

### A. Claims against Judge Doherty and Judge Miller

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994); *see also Stump v. Sparkman*, 435 U.S. 349, 357 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature. *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). This immunity applies to state court judges who are sued in federal court pursuant to Section 1983. *Pizzolato v. Baer*, 551 F. Supp. 355, 356 (S.D.N.Y. 1982), *aff'd sub nom. Pizzolato v. City of New York*, 742 F.2d 1430 (2d Cir. 1983). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

**\*6** In the present action, Plaintiff's Section 1983 claims against Judge Doherty and Judge Miller arise from the exercise of their judicial functions. (*See generally* Dkt. Nos. 1, 6.) Judges are immune from damages for civil liability for acts taken in their judicial capacity. *Stump*, 435 U.S. at 356, *Bliven*, 579 F.3d at 210. Plaintiff's allegations fail to implicate either of the exceptions to judicial immunity. (*See generally* Dkt. Nos. 1, 6.)

Therefore, the Court recommends that Plaintiff's Section 1983 claims against Defendants Judge Doherty and Judge Miller be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) based on absolute immunity and failure to state a claim upon which relief may be granted. [10]

10    Because Judge Doherty and Judge Miller are entitled to absolute judicial immunity, the Court does not address the merits of Plaintiff's allegations or the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).

### B. Claims against ADA Lynch

Like judges, prosecutors also enjoy absolute immunity from suit under Section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function); *see also Hill v. City of N.Y.*, 45 F.3d 653, 660-61 (2d Cir. 1995) ("[P]rosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.' " (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. Cty. of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006).

In this case, construed liberally, Plaintiff's Section 1983 claims against ADA Lynch concern a quintessential prosecutorial function—pursuing a criminal case—which fall squarely with the scope of absolute immunity. To the extent Plaintiff is suing ADA Lynch for her conduct during plea negotiations and sentencing, such conduct is also protected by absolute immunity. *See Taylor v. Kavanagh*, 640 F.2d 450, 451-52 (2d Cir. 1981) (absolute immunity extends to plea negotiations and sentencing); *Brown v. Paterson*, No. 10 Civ. 5833, 2011 WL 7429454, at *7 (S.D.N.Y. Dec. 27, 2011) (prosecutorial function includes plea bargaining), *report-recommendation adopted by* 2012 WL 639151 (S.D.N.Y. Feb. 28, 2012).

Therefore, the Court recommends that Plaintiff's Section 1983 claims against Defendant ADA Lynch be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) based on absolute immunity and failure to state a claim upon which relief may be granted.

### C. Claims against City of Syracuse and County of Onondaga

Pursuant to the standard for establishing municipal liability laid out in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), in order to set forth a cognizable claim for municipal liability under Section 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. 658); *see also Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer.") A municipality may be liable for deprivation of constitutional rights under Section 1983 for policies or customs resulting in inadequate training, supervision, or hiring when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). A plaintiff must also establish a causal connection – an affirmative link–between the policy and the deprivation of his constitutional rights. *Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion). Indeed, municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right; it "may not be held liable on a theory of *respondeat superior*." *Jeffes v. Barnes*, 208 F.3d 49, 56 (2d Cir. 2000).

*7  Here, Plaintiff has named as Defendants the City of Syracuse and County of Onondaga. (Dkt. No. 1 at 1.) Upon review, Plaintiff fails to identify or allege any facts showing the existence of an official policy or custom of the City of Syracuse or County of Onondaga that resulted in the deprivation of his constitutional rights. The listing of the City of Syracuse and County of Onondaga in the caption falls far short of alleging municipal liability. *See Gray-Davis v. New York*, 14-CV-1490 (GTS/TWD), 2015 WL 2120518, at *6 (N.D.N.Y. May 5, 2015) ("Without supporting factual allegations of, among other things, a policy or custom pursuant to which the alleged action was undertaken, [Plaintiff] fails to state a claim against those municipalities that is plausible on its face."); *Hawthorne v. City of Albany*, 17-CV-0716 (GTS), 2017 WL 6520774, at *5 (N.D.N.Y. Nov. 14, 2017) (same).

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 14 of 32

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2020)

2020 WL 9264843

Therefore, the Court recommends that Plaintiff's Section 1983 claims against Defendants City of Syracuse and County of Onondaga be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D. Claims against Roulan, Centra, and Ecker

Plaintiff has named three attorneys, Timothy Roulan, Joseph Centra, and Janelle N. Ecker, as Defendants. (Dkt. No. 1 at 1-3.) Section 1983 permits a person to recover damages for the deprivation of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." 42 U.S.C. § 1983 (2012). Private attorneys, whether court appointed or privately retained, are generally not liable under Section 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citation omitted).

Because of this lack of state action, Plaintiff's claims against his criminal defense attorneys are not cognizable under Section 1983. Moreover, there is no indication in the complaint that Roulan, Centra, or Ecker was a "willful participant in joint activity with the State or its agents," as is required in order for the Court to find that a private party has engaged in state action. *See Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam).

Therefore, the Court recommends that Plaintiff's Section 1983 claims be dismissed as against Defendants Roulan, Centra, and Ecker pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### E. Claims against Duquette and Torrance

Plaintiff claims he was "assaulted" by Duquette and Torrance on September 22, 2019, in the City of Syracuse, resulting in an unspecified "injury" and his "arrest" for "felonies." (Dkt. No. 1 at 14.) It is the plaintiff's duty to allege state action on the part of the defendants named in a complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *See Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted).

In this instance, the complaint is silent as to whether Duquette and Torrance acted under color of state law. Private conduct is beyond the reach of Section 1983 "no matter how discriminatory or wrongful" that conduct may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

Therefore, the Court recommends that Plaintiff's Section 1983 claims be dismissed as against Defendants Duquette and Torrance pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### F. Remaining Constitutional Claims

**\*8** The complaint lists causes of actions for unconstitutional conditions of confinement, denial of equal protection, and deliberate indifference to medical needs. However, such allegations are conclusory and unsupported by any factual enhancement and, therefore, fail to satisfy the governing pleading requirements under Rule 8 and *Iqbal*. Additionally, the complaint fails to identify any individuals personally involved in the remaining alleged constitutional violations. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation.").

Therefore, the Court recommends dismissing the remaining constitutional claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 15 of 32

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2020)

2020 WL 9264843

### G. State Law Claims

A federal court may, in its discretion, exercise supplemental jurisdiction over a state law claim, but only to the extent it is accompanied by a claim over which the court has original jurisdiction. *See* 28 U.S.C. § 1367 ("[E]xcept [in limited circumstances], in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related[.]").

In light of the above recommendations, the Court also recommends declining to exercise supplemental jurisdiction over any purported state law claims. *See Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has jurisdiction have been dismissed).

### H. Whether to Permit Amendment

Where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

In this case, it is not clear whether better pleading would permit Plaintiff to state a cognizable cause of action. Nevertheless, out of deference to Plaintiff's *pro se* status, the Court recommends that he be granted leave to amend to cure the deficiencies identified above, except with regard to Plaintiff's Section 1983 claims against Defendants Judge Doherty, Judge Miller, and ADA Lynch. [11]

[11]   If the District Court adopts and approves this Report-Recommendation, and if Plaintiff chooses to file an amended complaint, any amended complaint must comply with Rules 8 and 10 of the Federal Rules. Any such amended complaint must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

### V. MOTION FOR COUNSEL

**\*9** Plaintiff has filed a motion for the appointment of counsel. (Dkt. No. 6.) It is well settled that "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *see also Leftridge*, 640 F.3d at 69 (noting that a motion for appointment of counsel may be properly denied if the court "concludes that [the party's] chances of success are highly dubious.") (citations omitted).

The Court denies the motion as moot in light of the above recommendations that Plaintiff's complaint be dismissed in its entirety. Even if the Court were not recommending dismissal, a more fully developed record would be necessary before an assessment

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2020)

2020 WL 9264843

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 16 of 32

can be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). The denial is without prejudice and with opportunity to renew.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; [12] and it is further

> [12]    Plaintiff should note that, although the Court has granted his IFP Application, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED** that the Clerk revise the docket sheet to **ADD** Hon. Thomas J. Miller, Assistant District Attorney Colin Lynch, Ian Duquette, and Andrew Torrance as Defendants in this action; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED IN ITS ENTIRETY** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**RECOMMENDED** that Plaintiff's Section 1983 claims against Defendants Judge Doherty, Judge Miller, and ADA Lynch be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A based on absolute immunity and failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED** that Plaintiff's remaining Section 1983 claims be **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over any state law claims;

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 6) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk provide Plaintiff with (1) a copy of this Order and Report-Recommendation; (2) copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and (3) a Change of Address Form on Plaintiff at his address listed on the Docket, Downstate Correctional Facility, and the address of the facility listed in the Inmate Information Database, Willard Drug Treatment Campus; and it is further

**ORDERED** that Plaintiff must file a **CHANGE OF ADDRESS** within **THIRTY DAYS** of the date of the Report-Recommendation, and he must continue to submit any address changes to the Court as long as this action is pending and "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).

**\*10** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [13] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

> [13]    If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed

**Blount v. County of Onondaga, Not Reported in Fed. Supp. (2020)**

2020 WL 9264843

period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2020 WL 9264843

---

**End of Document**                              © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2021)

2021 WL 958456

2021 WL 958456
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Sayvion D. BLOUNT, Plaintiff,

v.

COUNTY OF ONONDAGA; City of Syracuse; Hon. Mary Anne Doherty; Timothy Roulan; Joseph Centra; Janelle
N. Ecker; Hon. Thomas J. Miller; Assist. Dist. Atty. Colin Lynch; Ian Duquette; and Andrew Torrance, Defendants.

5:20-CV-0937 (GTS/TWD)
|
Signed 03/15/2021

**Attorneys and Law Firms**

SAYVION D. BLOUNT, 20-A-1115, Plaintiff, Pro Se, Five Points Correctional Facility, Caller Box 119, Romulus, New York
14541.

**<u>DECISION and ORDER</u>**

GLENN T. SUDDABY, Chief United States District Judge

 **\*1** Currently before the Court, in this *pro se* civil rights action filed by Sayvion D. Blount ("Plaintiff") against the City of
Syracuse, the County of Onondaga, and the eight above-captioned individuals ("Defendants") pursuant to 28 U.S.C. § 1983,
are the following: (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that
Plaintiff's claims against Defendants Doherty, Miller and Lynch be dismissed with prejudice based on the doctrine of absolute
immunity and that Plaintiff's remaining claims be dismissed without prejudice and with leave to amend for failure to state a
claim; (2) Plaintiff's Objections to the Report-Recommendation; and (3) Plaintiff's "Amendment to Complaint." (Dkt. Nos. 8,
13, 14.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's
"Amendment to Complaint" is rejected.

# I. RELEVANT BACKGROUND

## A. Magistrate Judge Dancks' Report-Recommendation

Generally, in her Report-Recommendation, Magistrate Judge Dancks rendered the following five findings of fact and
conclusions of law: (1) Plaintiff's Section 1983 claims against Defendants Doherty, Miller and Lynch should be *sua sponte*
dismissed with prejudice based on absolute immunity and failure to state a claim, because those three Defendants are two
judges and an assistant district attorney who were acting within the scope of their judicial and prosecutorial capacities; (2)
Plaintiff's municipal liability claims against Defendant City of Syracuse and Defendant County of Onondaga should be *sua
sponte* dismissed without prejudice for failure to state a claim, because of his failure to allege facts plausibly suggesting the
existence of an official policy or custom that resulted in the deprivation of his constitutional rights; (3) Plaintiff's claims asserted
Defendant Roulan, Centra and Ecker (who are attorneys) and Defendants Duquette and Torrance (who are police officers)
should be *sua sponte* dismissed without prejudice for failure to state a claim, because of his failure to allege facts plausibly
suggesting the existence of state action on behalf of those five Defendants; (4) Plaintiff's remaining constitutional claims (i.e.,
for unconstitutional conditions of confinement, denial of equal protection, deliberate indifference to serious medical needs)
should be *sua sponte* dismissed without prejudice for failure to state a claim, because he has failed to allege facts plausibly
suggesting any constitutional violations or even Defendants' personal involvement in such violations; and (5) the Court should
decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Dkt. No. 8, at Part IV.)

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 19 of 32

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2021)

2021 WL 958456

#### B. Plaintiff's Objections to the Report-Recommendation

Generally, liberally construed, Plaintiff's Objections asserts the following four challenges to the Report-Recommendation: (1) Plaintiff's municipal liability claims against Defendants City and County should not be dismissed, because the very fact that wrongdoing was committed against Plaintiff plausibly suggests the existence of an official custom or policy of failing to properly hire, train and/or supervise law enforcement officers, and/or remedy their constitutional violations; (2) Plaintiff's claims against Defendants Duquette and Torrance should not be dismissed, because he has alleged facts plausibly suggesting that they exhibited deliberate indifference by failing to prevent and/or intervene in his assault and failing to address his medical needs after the assault; (3) Plaintiff's Section 1983 claims against Defendant Doherty should not be dismissed, because Magistrate Judge Dancks has misconstrued and misapplied the doctrine of absolute immunity in that Defendant Doherty was not acting within the scope of her judicial capacity but was acting without jurisdiction over Plaintiff and/or with gross mismanagement of his case; and (4) Plaintiff's remaining constitutional claims should not be dismissed because Magistrate Judge Dancks' failed to construe those claims with sufficient liberality in that the claims "clearly state[ ] what constitutional claims [were] violated and by whom." (Dkt. No. 13.)

## II. STANDARD OF REVIEW

**\*2** When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). [1] When performing such a *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. [2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at \*1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 20 of 32
Blount v. County of Onondaga, Not Reported in Fed. Supp. (2021)

2021 WL 958456

the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**\*3**  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)).


## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff has specifically objected and no clear error in the remaining parts of the Report-Recommendation. Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only five points.

First, the Court rejects Plaintiff's first objection because the one alleged instance of misconduct (i.e., against Plaintiff) is, based on the facts and circumstances alleged, not sufficient to plausibly suggest such a custom or policy.

Second, the Court rejects Plaintiff's second objection because it ignores the fact that Defendants Duquette and Torrance were not state actors; and, in any event, the Court disagrees that Plaintiff's Complaint has alleged facts plausibly suggesting the actions he references.

Third, the Court rejects Plaintiff's third objection because the factual allegations of his Complaint plausibly suggest that, at the time of the events giving rise to his claims, Judge Doherty was acting within the scope of her judicial capacity (however much he disagrees with her actions).

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 21 of 32

Blount v. County of Onondaga, Not Reported in Fed. Supp. (2021)

2021 WL 958456

Fourth, the Court rejects Plaintiff's fourth objection because his claims must not only state what constitutional violations were committed and by whom but must also allege facts plausibly suggesting *how* those violations were committed, which his claims have not done, even when construed with the utmost of special solicitude.

Fifth, and finally, some discussion is warranted regarding Plaintiff's filing of an "Amendment to Complaint" during the pendency of the Report-Recommendation. Rather than wait for the Court to accept or reject Magistrate Judge Dancks' Report-Recommendation, Plaintiff has attempted to cure the pleading defects that she has identified in his Complaint. The Court need not linger on whether Plaintiff has an absolute right to so amend his Complaint under Fed. R. Civ. P. 15 (which arguably requires service, the filing of a responsive pleading or the filing of a motion under Fed. R. Civ. P. 12 before the 21-day deadline to amend as of right is triggered). This is because Plaintiff's "Amendment to Complaint" is a piecemeal pleading, one that attempts to incorporate by reference his original Complaint. (*See, e.g.,* Dkt. No. 14, at 1 [indicating in heading that the amendment is intended to amend "the Statement of Facts" in "Section IV page 4" of his original Complaint].) As Magistrate Judge Dancks clearly advised Plaintiff, "Any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court." (Dkt. No. 8, at 16, n.11.) Moreover, the filing of an amended pleading replaces the original complaint in all respects. (*Id.*) As a result, it would hardly be an extension of special solicitude to Plaintiff for the Court to accept his "Amendment to Complaint" as an Amended Complaint (because it would result in the immediate dismissal of his action for failure to state a claim). [5]

[5]    The Court notes that it would be inappropriate under the circumstances to construe the factual allegations contained in Plaintiff's "Amendment to Complaint" as effectively amending his original Complaint, and then to *sua sponte* apply the analysis of the Report-Recommendation to that effectively amended pleading, for two independent reasons. First, it would be a waste of judicial resources and frustrate the purpose of the Federal Magistrates Action of 1968. Second, in any event, it would both confuse the Court and unduly prejudice Defendants, who would have great difficulty in admitting and/or denying the factual allegations of such a piecemeal (and poorly paragraphed) pleading.

**\*4**  Under the circumstances, the Court finds that the fairest and most reasonable way to proceed would be for it to reject Plaintiff's "Amendment to Complaint," and permit him thirty days to file a proper Amended Complaint. He is respectfully reminded that such an Amended Complaint must be a complete pleading that does not incorporate by reference his original Complaint. He is also respectfully advised that he should use numbered paragraph to separate each alleged occurrence as required by Fed. R. Civ. P. 10(b).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's "Amendment to Complaint" (Dkt. No. 14) is **REJECTED** and shall be **STRICKEN** from the docket by the Clerk of Court; and it is further

**ORDERED** that Plaintiff's Section 1983 claims against Defendants Doherty, Miller and Lynch are *sua sponte* **DISMISSED with prejudice** based on absolute immunity and failure to state a claim pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A; and it is further

**ORDERED** that Plaintiff's remaining Section 1983 claims **SHALL BE** *sua sponte* **DISMISSED with prejudice** (and his state law claims shall be dismissed without prejudice to refiling in state court within the governing time period) **UNLESS**, within **THIRTY (30) DAYS** from the date of this Decision and Order, Plaintiff files an Amended Complaint that cures the pleading defects identified in this Decision and Order (and the Report-Recommendation); and it is further

2021 WL 958456

**ORDERED** that, should Plaintiff file such an Amended Complaint, it shall be referred to Magistrate Judge Dancks for her review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e).

The Court certifies that an appeal from this Decision and Order would not be taken in good faith.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 958456

---

**End of Document**                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)

2019 WL 1486688

2019 WL 1486688
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Ronnie GUARNIERI, Plaintiff,

v.

Eric KELLEY, District Attorney's Investigator, et al., Defendants

Civil Action No. 3:19-CV-0318 (GLS/DEP)

|

Signed 04/04/2019

**Attorneys and Law Firms**

FOR PLAINTIFF: RONNIE GUARNIERI, Pro Se, Broome County Correctional Facility, P.O. Box 2047, Binghamton, NY 13902-2047.

FOR DEFENDANT: NONE.

ORDER, REPORT, AND RECOMMENDATION

DAVID E. PEEBLES, CHIEF U.S. MAGISTRATE JUDGE

**\*1** This is a civil rights action brought by *pro se* plaintiff Ronnie Guarnieri, an inmate confined to the Broome County Correctional Facility ("BCCF"), against a sitting judge, an investigator, an assistant district attorney, and a county district attorney, arising out of a criminal investigation that ultimately led to his arrest and conviction, based upon two separate guilty pleas.

Plaintiff's complaint, application for leave to proceed *in forma pauperis* ("IFP"), and motion for the appointment of counsel have been forwarded to me for review. Based upon my consideration of those materials, I grant plaintiff's application for leave to proceed without prepayment of fees, deny his request for the appointment of counsel, and recommend that his complaint be dismissed, with leave to replead.

I. BACKGROUND

Plaintiff commenced this action by the filing of a complaint on or about March 13, 2019. Dkt. No. 1. According to plaintiff, in December of 2017, defendant Eric Kelley, an investigator employed by the Broome County District Attorney's Office, conducted an illegal search of his residence and seized a laptop computer as a result of that search. Dkt. No. 1 at 4-5. That search and seizure led to plaintiff being arrested and charged with petit larceny and subject to further investigation as a result of that charge. Though plaintiff's complaint does not disclose many details regarding the matter, it appears that plaintiff was later charged with criminal contempt in the second degree and confined to the BCCF. [1] *Id.* at 5.

[1] Although it is certainly far from clear from the face of the complaint, it appears that only one of these two charges was connected to the seizure of the laptop, with the petit larceny adjudicated in the Town of Union, while the criminal contempt charge was adjudicated in the Village of Endicott. *See generally* Dkt. No. 1.

In March of 2018, plaintiff appeared before defendant Hon. Veronica M. Gorman in the Town of Union Court. Dkt. No. 1 at 5. Although defendant Ganz, an assistant district attorney for the County of Broome, offered plaintiff a plea that involved a sentence of a one-year period of incarceration, plaintiff rejected that offer, and remained in custody as a result. *Id.* One month

Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)

2019 WL 1486688

later, plaintiff filed a *pro se* speedy trial motion, which Justice Gorman failed to adjudicate. *Id.* at 6. Plaintiff asserts that Justice Gorman colluded with defendant Ganz to deprive plaintiff of "his liberty and a fair trial." *Id.* at 7.

In August of 2018, plaintiff appeared before Justice Gorman and entered a plea of guilty to the petit larceny charge. *Id.* at 6. Although plaintiff was sentenced to time served, Justice Gorman "would not release [plaintiff] until ... [he] entered a guilty plea" with respect to the other pending charge. *Id.* As a result, plaintiff appeared in the Village of Endicott Court several days later and entered a plea to the charge of criminal contempt in the second degree, and was thereafter immediately released from custody. *Id.* at 6, 8. Plaintiff alleges that notices of appeal have been filed in connection with both of his guilty pleas. *Id.* at 6, 8.

 **\*2** Plaintiff alleges that defendant Steve Cornwell, the District Attorney for the County of Broome, was "negligent in overseeing the flawed case" against plaintiff, while defendant Frank Bertoni, supervisor for the Town of Union, "failed to oversee in his governmental employees in the execution of their duties." Dkt. No. 1 at 7. As relief, plaintiff seeks "reparations" and compensatory and punitive damages totaling $ 4 million. *Id.* at 9; Dkt. No. 5-1 at 2.

Following the initial administrative closure of this action, plaintiff submitted an amended application for leave to proceed without full prepayment of fees. [2] Dkt. Nos. 5, 7. That IFP application includes the requisite certification of the amounts of money in plaintiff's prison account as well as his average account balance over the past six months. Dkt. No. 5 at 2.

[2]     Plaintiff's initial request for leave to proceed IFP, Dkt. No. 2, was rejected as incomplete, and he was ordered, on March 19, 2019, to either pay the full $ 400.00 filing fee in advance or submit a completed and signed IFP application within thirty days. Dkt. No. 4.

## II. DISCUSSION

### A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $ 400.00, must ordinarily be paid. [3] 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). Because I conclude that plaintiff satisfies the requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted. [4] Dkt. Nos. 5, 6, 7.

[3]     The total cost for filing a civil action in this court is $ 400.00 (consisting of the civil filing fee of $ 350.00, 28 U.S.C. § 1914(a), and an administrative fee of $ 50.00). Although an inmate that has been granted IFP status is not required to pay the $ 50.00 administrative fee, he is required to pay, over time, the full amount of the $ 350.00 filing fee regardless of the outcome of the action. 28 U.S.C. § 1915(b)(3).

[4]     Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

### B. Sufficiency of Plaintiff's Complaint

#### 1. Governing Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e), 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity,"

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 25 of 32

Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)

2019 WL 1486688

and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[W]e have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*." (citation and internal quotation marks omitted) ). [5]

[5] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson*, 2008 WL 268215, at *1 n.3, and "to discourage the filing of [baseless lawsuits], and [the] waste of judicial ... resources," *Neitzke*, 490 U.S. at 327

**\*3** In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ); *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e) and 1915A, the court is guided by the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (emphasis omitted) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ) (internal quotation marks omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2) ).

## 2. Analysis of Plaintiff's Claims

### a. Defendant Justice Gorman

One of the defendants named in plaintiff's complaint is the Hon. Veronica Forman, a sitting town justice. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204,

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 26 of 32

Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)

2019 WL 1486688

209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citation omitted). The 1996 Congressional amendments to section 1983 further barred injunctive relief and provided that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996); *see also Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999). Therefore, a judge is immune from all forms of suit unless he has acted either beyond the judge's judicial capacity, or "in the complete absence of all jurisdiction." *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 711 (S.D.N.Y. 2011) (quoting *Mireles*, 502 U.S. at 11) (internal quotation marks omitted).

 **\*4**  In determining whether or not the judge acted in the "clear absence of all jurisdiction," the judge's jurisdiction is to be construed broadly, "and the asserted immunity will only be overcome when the 'judge clearly lacks jurisdiction over the subject matter.' " *Ceparano v. Southampton Justice Court*, 404 F. App'x 537, 539 (2d Cir. 2011) (quoting *Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir. 1988) ). "Whether a judge acted in a 'judicial capacity' depends on the 'nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.' " *Ceparano*, 404 F. App'x. at 539 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ). "Further, if the judge is performing in his judicial capacity, the 'judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.' " *Ceparano*, 404 F. App'x at 539 (internal quotation marks omitted) (quoting *Stump*, 435 U.S. at 362). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity.' " *Bliven*, 579 F.3d at 209 (quoting *Mireles*, 502 U.S. at 11). While absolute judicial immunity does not bar claims for prospective injunctive relief, such relief is not available under § 1983 absent an allegation of a violation of a prior declaratory decree or that declaratory relief was unavailable. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (citation omitted).

In the present matter, plaintiff alleges that:

> [Justice] Gorman committed [j]udicial misconduct; blackmail[;] extortion and colusion with ADA Ganz
> to deny the Plaintiff of his [l]iberty and a fair trial.

Dkt. No. 1 at 7 (errors in original). These allegations are wholly conclusory, devoid of any factual details or enhancement, and therefore cannot pass muster under Rule 8 and *Iqbal*.

In addition, plaintiff alleges that he filed a speedy trial motion and that Justice Gorman failed to acknowledge the application or otherwise render a decision on it. Dkt. No. 1 at 6. Justice Gorman's role in adjudicating motions is clearly part of her judicial responsibilities and is thus within the ambit of judicial immunity. Accordingly, I recommend that all claims against Justice Gorman be dismissed.

### b. Defendant Ganz

Another of the defendants named in plaintiff's complaint is Assistant District Attorney Ganz. The claims against that defendant are arise from his role in prosecuting criminal charges against plaintiff.

It is well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.' " *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) ). "In determining whether absolute immunity [applies], we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v.*

Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)

2019 WL 1486688

*Fitzsimmons*, 509 U.S. 259, 269 (1993) ); *see also Bernard v. Cty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry ... is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

In this case, much like the allegations against the allegations against Justice Gorman, plaintiff's allegations with respect to defendant Ganz are conclusory and unsupported by any factual enhancement, and therefore fail to satisfy the governing pleading requirements under Rule 8 and *Iqbal*. *See generally* Dkt. No. 1. Accordingly, I recommend that the claims against defendant Ganz be dismissed.

### c. Defendants Cornwell and Bertoni

As supervisors, defendants Cornwell and Bertoni cannot be held liable for damages under section 1983 solely by virtue of their roles as supervisors, nor can their liability be predicated upon *respondeat superior*. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright v. Smith*, 21 F.3d 496, 501 (1994). To establish responsibility on the part of a supervisory official for a civil rights violation, a plaintiff must demonstrate that the individual (1) directly participated in the challenged conduct; (2) after learning of the violation through a report or appeal, failed to remedy the wrong; (3) created or allowed to continue a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in managing the subordinates who caused the unlawful event; or (5) failed to act on information indicating that unconstitutional acts were occurring. *Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Richardson*, 347 F.3d at 435; *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Wright*, 21 F.3d at 501.

**\*5** In this instance, plaintiff's complaint contains no factual contentions from which it can be inferred that defendants Cornwell and Bertoni are responsible for a civil rights violation. *See generally* Dkt. No. 1. The complaint contains only naked assertions that defendant Cornwell was "negligent in overseeing the flawed case" and defendant Bertoni "failed to oversee his governmental employees in the execution of their duties." *Id.* at 7. The complaint does not contain any further factual enhancement with respect to these allegations. Under these circumstances I recommend that plaintiff's claims against defendants Cornwell and Bertoni be dismissed for lack of personal involvement.

### d. Defendant Kelley

Plaintiff's remaining claims, in which he asserts against defendant Kelley, appear to be directed as constitutional violations alleged to have resulted in his criminal conviction. [6] Dkt. No. 1 at 4-5, 7 In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87; *see also Estes v Doe*, No. 97-CV-8133, 1999 WL 983886, at \*3 (S.D.N.Y. Oct. 29, 1999) (quoting *Heck* ). "A claim for damages relating to a conviction that has not been so invalidated is not cognizable under Section 1983." *Estes*, 1999 WL 983886, at \*3.

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 28 of 32

Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)

2019 WL 1486688

6  Plaintiff's complaint makes passing reference to his belief that he was maliciously prosecuted. Dkt. No. 1 at 7. The court assumes, for purposes of this report and recommendation, that plaintiff intended to assert this claim against defendant Kelley.

Here, although plaintiff contends that he filed notices of appeal in connection with each of his guilty pleas, plaintiff's complaint does not allege that those appeals have been resolved in his favor, or that he has otherwise successfully invalidated the convictions that he now seeks to challenge. Until such convictions are rendered invalid or overturned, plaintiff cannot maintain a civil rights action for malicious prosecution. *See, e.g., Estes*, 1999 WL 983886, at *3 ("[U]nless plaintiff demonstrates that his plea has already been invalidated, his [malicious prosecution] claim must be dismissed if it necessarily implies the invalidity of such conviction.").

Plaintiff's Fourth Amendment claim requires some additional discussion, however, because the Supreme Court and the Second Circuit have both recognized that Fourth Amendment claims are not ordinarily barred by *Heck* because, in light of exceptions to the exclusionary rule—such as the independent source doctrine and the inevitable discovery doctrine—a favorable outcome on a claim pursuant to 28 U.S.C. § 1983 would not necessarily demonstrate the invalidity of a related conviction. *Heck*, 512 U.S. at 487 n.7; *Fifield v. Barrancotta*, 353 F. App'x 479, 480-81 (2d Cir. 2009). Nonetheless, *Heck* may be still be applicable where "the conviction was dependent on evidence obtained as a result of the arrest," or, put another way, "the evidence underlying the conviction was the fruit of such unlawful actions." *Fifield*, 353 F. App'x at 481 (citing *Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999) ). Thus, "[t]o determine if a [s]ection 1983 claim alleging an unlawful search would necessarily imply the invalidity of his conviction, the Court must 'ascertain whether plaintiff could have been convicted even if the ... evidence [from the allegedly illegal search were] suppressed[.]' " *Corley v. Vance*, 15-CV-1800, 2015 WL 4164377, at *4 (S.D.N.Y. June 22, 2015) (alterations in original) (quoting *Bibbins v. Nextel Commc'ns, Inc.*, No. 08-CV-5075, 2010 WL 4503120, at *4 (S.D.N.Y. Nov. 19, 2010) ).

**\*6** Here, although *Heck* may potentially bar plaintiff's claim that defendant Kelley illegally seized his laptop computer, it is difficult to discern from plaintiff's complaint whether he would have been convicted upon his plea of guilty even if the evidence from the allegedly illegal search had been suppressed. However, plaintiff's claim suffers from the same deficiencies as the remainder of his complaint. Plaintiff's allegations that defendant Kelley illegally seized his laptop computer are conclusory and unsupported by any factual enhancement, and therefore fail to satisfy the governing pleading requirements under Rule 8 and *Iqbal*.

For this reason, I recommend that the plaintiff's remaining claims against defendant Kelley be dismissed.


 C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 29 of 32
Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)
2019 WL 1486688

In this case, I am unable to say with complete confidence that, if granted leave to amend, plaintiff could not allege facts demonstrating the existence of plausible claims against one or some of defendants. Accordingly, I recommend that leave to amend be granted.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that " 'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.' " *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) ); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted) ).

### D. Plaintiff's Motion for Appointment of Counsel

**\*7** As was previously noted, accompanying plaintiff's complaint in this action is a request for the assignment of counsel to represent him in this action *pro bono.* Dkt. No. 6.

The statute that governs IFP proceedings provides, in relevant part, that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). That section, however, does not require that counsel be appointed for every indigent civil litigant. Although the United States Constitution assures that indigent litigants have "meaningful access" to the courts, it does not guarantee that all such parties will receive the benefit of *pro bono* representation. *Hodge*, 802 F.2d at 60 (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977) ). Instead, section 1915(e) confers broad discretion on the courts to appoint counsel to deserving indigent litigants in appropriate circumstances. *Hodge*, 802 F.2d at 60-62.

While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised, the court is required to call upon attorneys to donate their time pro bono, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), courts should not grant such applications indiscriminately, but instead must exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

There is no bright line test to be applied when a pro se, indigent civil litigant seeks appointment of counsel. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). The factors informing the decision of whether to exercise discretion in favor of appointing counsel were summarized by the Second Circuit in its decision in *Hodge*:

> In deciding whether to appoint counsel ..., the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets the threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder, the

Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)

2019 WL 1486688

indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62. In weighing these factors, each case must be decided on its own merits. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Hodge*, 802 F.2d at 61). Of these criteria, the Second Circuit has "stressed the importance of the apparent merits of the indigent's claims." *Cooper*, 877 F.2d at 172. While a plaintiff need not demonstrate that he can win his case without the aid of counsel, he does have to show "likely merit." *McDowell v. State of N.Y.*, No. 91-CV-2440, 1991 WL 177271, at *1 (S.D.N.Y. 1991).

**\*8** This action was only recently commenced and, as was discussed above, I am recommending that the court dismiss plaintiff's complaint as failing to survive threshold review under 28 U.S.C. §§ 1915(e), 1915A. This is a clear indication that the matter is not likely of substance. For that reason, plaintiff's request for the appointment of counsel is likewise denied, without prejudice to renewal in the event the action proceeds.

III. SUMMARY, ORDER, AND RECOMMENDATION

Having reviewed plaintiff's request for leave to proceed without prepayment of fees, I find that it is complete and demonstrates his entitlement to that status. Turning to the merits of plaintiff's complaint, however, and applying the standard set forth in 28 U.S.C. §§ 1915(e), 1915A, I conclude that plaintiff's complaint fails to state a cognizable claim against any of defendants. For this reason, I recommend that plaintiff's motion for the appointment of counsel be denied. Accordingly, it is hereby

ORDERED that plaintiff's amended application for leave to proceed in this action without prepayment of fees (Dkt. No. 5) is GRANTED; and it is further

ORDERED that plaintiff's motion for appointment of counsel in the action (Dkt. No. 6) is DENIED, without prejudice to renewal; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED, with leave to replead within thirty days of the date of any decision and order adopting this report.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. [7] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

[7]     If you are proceeding *pro se* and are served with this order, report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2019 WL 1486688

---

**End of Document**                                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Guarnieri v. Kelley, Not Reported in Fed. Supp. (2019)

2019 WL 5596468

Case 6:23-cv-01438-BKS-TWD    Document 14    Filed 08/29/24    Page 31 of 32

2019 WL 5596468
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Ronnie GUARNIERI, Plaintiff,

v.

Eric KELLEY et al., Defendants.

3:19-cv-318 (GLS/ML)
|
Signed 10/30/2019

**Attorneys and Law Firms**

Ronnie Guarnieri, Binghamton, NY, pro se.

**ORDER**

Gary L. Sharpe, U.S. District Judge

**\*1** On April 4, 2019, Magistrate Judge David E. Peebles issued an Order, Report, and Recommendation (R&R), which recommends that plaintiff *pro se* Ronnie Guarnieri's complaint, (Compl., Dkt. No. 1), be dismissed, with leave to replead. (Dkt. No. 10.) Pending before the court are Guarnieri's objections [1] to the R&R. (Dkt. No. 15.) For the reasons that follow, the R&R is adopted in its entirety.

[1]      Guarnieri has submitted a document labeled "Answer to Court Recommendation." (Dkt. No. 15.) In an abundance of caution and due to the liberality with which *pro se* actions are to be treated, the court construes Guarnieri's submission as objections to the R&R.

When a report and recommendation is filed, the parties have fourteen (14) days from receipt of the report to file specific, written objections to proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D.N.Y. L.R. 72.1(c). Guarnieri's objections were due on or before April 22, 2019, however, he did not object until May 7, 2019, (Dkt. No. 15), making his objections untimely. Nevertheless, in light of Guarnieri's *pro se* status, the court has considered his untimely objections for clear error. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484, 2006 WL 149049, at \*5 (N.D.N.Y. Jan. 18, 2006). The court, having carefully reviewed the record, finds no clear error in the R&R and adopts it in its entirety.

Accordingly, it is hereby

**ORDERED** that the Order, Report, and Recommendation (Dkt. No. 10) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Guarnieri's complaint (Compl.) is **DISMISSED**, with leave to replead within thirty days of the date of this Order; and it is further

**ORDERED** that, if Guarnieri files a timely amended complaint, the Clerk shall forward it to the Magistrate Judge for review; and it is further

**ORDERED** that, if Guarnieri fails to file an amended complaint within the time allotted, the Clerk shall enter judgment dismissing this action without further order of the court; and it is further

2019 WL 5596468

**ORDERED** that the Clerk provide a copy of this Order to Guarnieri.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 5596468

---

**End of Document**                              © 2024 Thomson Reuters. No claim to original U.S. Government Works.